# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

William James Jolly      Plaintiff(s),          **11 CA 11588**

vs.                                              Case No. _____

DEMAND FOR JURY TRIAL

YES ___   NO _X_

Defendant(s).

1) Town of Randolph, Massachusetts Police Department

Vs.

2) Norfolk County, Massachusetts District Attorney

## COMPLAINT

### PARTIES

a. Plaintiff

William James Jolly

P.O. Box 141,   184 Orange Road

Town of Groton, Grafton Co.

New Hampshire 03241

(603)254.5282

a. Defendant No. 1

Town of Randolph, Massachusetts Police Department

    41 South Main Street

    Town of Randolph, Norfolk County

    Massachusetts 02368

    (781)963-1212

b.  Defendant No. 2

    Norfolk County District Attorney

    45 Shawmut Road

    Town of Canton, Norfolk County

    Massachusetts, 02021

    (781)830.4800

**JURISDICTION**

1. The basis for federal court jurisdiction is a Federal Question.

2. The Federal Constitutional, statutory or treaty right is at issue is the United States Freedom of Information Act, U.S.C 5 subsection 552

3. If the basis for jurisdiction is not Diversity of Citizenship.

4. The basis for venue in the District of Massachusetts is that both defendants are Government agencies within the Commonwealth of Massachusetts. Petitioner is a resident of the State of New Hampshire.

**STATEMENT OF THE CLAIM**

5. On 26 July 2011 Petitioner requested of the Defendant, Town of Randolph, Massachusetts Police Department all materials and records in their possession related to Brian J. Ventullo D.O.B. 13December1973. Defendant denied the request, stating that Massachusetts General Laws prohibited the release of said files, in spite of federal statute to the contrary.

6. On 26 July 2011 Petitioner requested of the Defendant, Norfolk County, Massachusetts District Attorney all materials and records in their possession related to Brian J. Ventullo D.O.B. 13December1973. Defendant denied the request, stating that Massachusetts General Laws prohibited

2

the release of said files, in spite of federal statute to the contrary.

7. Petitioner has been harmed in that due to this violation of Federal Statute, petitioner has been denied public information that would likely influence a lower New Hampshire court in the issuance of a NO CONTACT ORDER (civil) against Brian Ventullo D.O.B. 13DEC1973 who was arrested in 2004 by the Randolph Police Department for Sexually Assaulting his then minor niece. Mr. Ventullo was never found "Not Guilty", rather, the case was Nolle Pross'd due to the minor victim's failure to appear. This civil order, if issued, will prevent Mr. Ventullo from having contact with the Petitioners not yet four year old daughter.

**Please see attached addenda.**

REQUEST FOR RELIEF

The Petitioner begs the court to compel the Defendants to release any and all records and materials in their respective possession related to:

BRIAN VENTULLO F/K/A BRIAN JOSEPH VENTULLO
DATE OF BIRTH 13DECEMBER 1973

-in compliance with the United States Freedom of Information Act.

Signed this 7th day of September, 2011

Signature of Plaintiff

William James Jolly
P.O. Box 141
Hebron, NH 03241

603.254.5282

3

26July2011


Randolph, Massachusetts Police Dept.
41 South Main Street
Randolph, Massachusetts 02368


ATTN: William Pace, Chief


Pursuant to the United States Freedom of Information Act, please send to me at the address below any and all materials and or records in your offices possession related to:

BRIAN VENTULLO fka BRIAN JOSEPH VENTULLO
DATE OF BIRTH: DECEMBER 13, 1973

Thank you.

COPY

William Jolly
P.O. Box 141
Hebron, NH 03241

603.254.5282



# Town of Randolph
# Police Department

**William F. Pace**
Chief of Police

41 South Main Street
Randolph, MA 02368-4820
781-963-1212

William Jolly
PO BOX 141
Hebron, NH 03241

June 2, 2011

Detective Melissa McCormick
41 South Main Street
Randolph, MA 02368

Dear Mr. Jolly,

This letter is in response of your request for records for Brian Ventullo.

According to Massachusetts General Laws Chapter 41 Section 97D, "All reports of rape and sexual assault or attempts to commit such offenses and all conversations between police officers and victims of said offenses shall not be public reports and shall be maintained by the police departments in a manner which will assure their confidentiality." Further, according to public records law (MGL Ch. 4 S. 7), there is a statutory exemption to releasing a report of this nature. The exemption states, " personnel and medical files or information, also any other materials or data relating to a specifically named individual, the disclosure of which may constitute an unwarranted invasion of personal privacy."

The Randolph Police Department wishes to respect the victim's privacy rights, therefore, your request for records has been denied.

Respectfully,

Det. Melissa McCormick

L/M 10 Aug @ 1297hrs



# The Commonwealth of Massachusetts

### OFFICE OF THE DISTRICT ATTORNEY
FOR THE NORFOLK DISTRICT

**MICHAEL W. MORRISSEY**
DISTRICT ATTORNEY

45 SHAWMUT ROAD
CANTON, MA 02021
(781) 830-4800
FAX (781) 830-4801

August 10, 2011

William Jolly
P.O. Box 141
Hebron, NH 03241

    Re:   Public Records Request

Dear Mr. Jolly:

Your July 26, 2011 letter to First Assistant District Attorney Jeanmarie Carroll requests under the Freedom of Information Act: "any and all materials and or records in your offices possession related to: BRIAN VENTULLO fka BRIAN JOSEPH VENTULLO DATE OF BIRTH DECEMBER 13, 1973."

As a preliminary point, this Office is not subject to the Freedom of Information Act but is subject to the Massachusetts Public Records Law. See Globe Newspaper Company v. Boston Retirement Board, 388 Mass. 427, 432-434 (1983) (discussing significant differences between the Federal Freedom of Information Act, 5 U.S.C. § 552(b)(6) (1976) and State provisions).

Treating your request as a public records request under the governing Massachusetts statute, G.L. c. 66, § 10, unfortunately we cannot provide you with any materials. That is because the records you seek are exempt from public records disclosure by: the common law investigatory privilege; the statutory exemption to the public records law for investigatory material, G.L. c. 4, § 7 (26) (f), Continental Assurance Co. v. Diorio-Volungis, 51 Mass. App. Ct. 403, 411-413 (2001); WBZ-TV 4 v. District Attorney for the Suffolk District, 408 Mass. 595, 603 (1990); the statutory exemption for "personnel and medical files or information; also any other materials or data relating to a

specifically named individual, the disclosure of which may constitute an unwarranted invasion of personal privacy"; G.L. c. 4, § 7 (26) (c); Globe Newspaper Co. v. Police Commissioner, 419 Mass. 852, 858 (1995); Viriyahiranpaiboon v. Department of State Police, 52 Mass. App. Ct. 843 (2001); and the statutory exemption for any material or data that is "specifically or by necessary implication exempted from disclosure by statute."

Accordingly, the materials you requested are not public records.

Very truly yours,

Varsha Kukafka
Assistant District Attorney