UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM J. JOLLY,<br>         Plaintiff,<br><br>      v.<br><br>TOWN OF RANDOLPH POLICE<br>DEPARTMENT, et al.,<br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     C.A. No. 11-11588-DJC |

CASPER, J.                                                                                                              November 9, 2011

**Memorandum and Order**

In this action, Plaintiff William J. Jolly ("Jolly"), a resident of the town of Groton, New Hampshire, filed a complaint against Defendants Randolph Police Department and the Norfolk District Attorney's Office (collectively, the "Defendants") for the release of certain records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Complaint ("Compl."), ¶ 5-6. Jolly filed the complaint along with an Application to Proceed without Prepayment of Fees. For the reasons set forth below, the Court DENIES without prejudice Jolly's application to proceed *in forma pauperis*. The Court also ORDERS Jolly to demonstrate good cause why this action should not be dismissed for lack of subject matter jurisdiction. Finally, Jolly's request for an expedited hearing on his claim is DENIED.

**I.      Background**

According to the allegations in the complaint, Jolly made a public records request to the Defendants for release of records relating to an individual arrested and charged by the Defendants in 2004. Compl. ¶¶ 5-7. The Defendants denied that request on the grounds that the Massachusetts General Laws prohibited the release of the records. Id. at ¶¶ 5-6. Jolly now seeks an order for the release of the records, arguing that FOIA is the proper governing statute. Id. at ¶ 2. Jolly has also

requested an expedited hearing, on the merits, since he claims that the instant case is related to another matter pending in New Hampshire state court. See D. 4 (Jolly's 9/20/11 Letter).

## II.   Standard of Review

When a plaintiff seeks to bring a claim *in forma pauperis*, the Court has the authority to screen the claim before issuing summons to determine if the claim is "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief."   28 U.S.C. § 1915(e)(2)(B).  If the Court finds that the claim is insufficient, it may dismiss the claim *sua sponte*. Id. Under this authority, the Court has reviewed this case and has determined that it should be dismissed for a lack of subject matter jurisdiction.

## III.   Discussion

### A.   Subject Matter Jurisdiction

Federal courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Jurisdiction may also exist between parties of diverse citizenship when the matter in controversy is greater than $75,000. 28 U.S.C. § 1332(a). Subject matter jurisdiction "is never presumed" and plaintiff "[carries] the burden of demonstrating the existence of federal jurisdiction." Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998).  Plaintiff asserts that the court can grant relief pursuant to the Freedom of Information Act ("FOIA") and claims that subject matter jurisdiction exists on that basis. Compl., ¶¶ 1-2.[1] The facts, as alleged, do not establish the applicability of FOIA to this claim and, therefore, the Court is not convinced that Jolly has met his burden of demonstrating the existence of federal jurisdiction.

---

[1] Jolly does not allege that the basis of subject matter jurisdiction in this case is diversity jurisdiction under 28 U.S.C. § 1332(a).  Compl. ¶ 3 (stating explicitly that "the basis for jurisdiction is not Diversity of Citizenship").

FOIA governs the release of public information, records, and records of proceedings, opinion, and orders that are under the control of a governmental "agency." 5 U.S.C. § 552. By its' own terms, "agency" under FOIA means "each authority of the Government of the United States, whether or not it is within or subject to review by another agency." Id. at § 551 (1); Philip Morris, Inc. v. Harshbarger, 122 F.3d 58, 83 (1st Cir. 1997) (noting that "FOIA, however, by its own terms, applies only to federal executive branch agencies."). That is, FOIA applies to release of public information or records of federal agencies (with some exceptions not applicable here). See e.g., Grieco v. Dep't of Treasury of Puerto Rico, 685 F. Supp. 2d 309, 310-11 (D.P.R., 2010). "[I]t is beyond question that FOIA applies only to federal and not to state agencies." Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 484 (2d Cir. 1999) (citing Harshbarger, 122 F.3d at 83 ("FOIA ... applies only to federal executive branch agencies"); Day v. Shalala, 23 F.3d 1052, 1064 (6th Cir. 1994) (APA "pertains to federal agencies"); Brown v. Kelly, No. 93–5222, 1994 WL 36144, at *1 (D.C. Cir. January 27, 1994) (per curiam) (FOIA does not apply to state agencies); St. Michael's Convalescent Hosp. v. State of California, 643 F.2d 1369, 1373 (9th Cir. 1981) (definition of "agency" under FOIA "does not encompass state agencies or bodies"); Johnson v. Wells, 566 F.2d 1016, 1018 (5th Cir. 1978) (state board of parole not agency within meaning of FOIA)).

Since Jolly seeks the release of records from state entities (a local police department and county prosecutor's office), the Court finds that FOIA does not govern Plaintiff's request. Rather the Court finds that Plaintiff's request for records and any appeal regarding the denial of those records is governed by Massachusetts law. See M.G.L. c. 4, § 7 (defining "public records"); M.G.L. c. 66 § 10 (regarding inspection and production of public record requests).

Accordingly, the Court finds it has no subject matter jurisdiction over this claim. For that

reason, the Court also denies Jolly's request for an expedited hearing since it would be improper to grant any hearing on the merits of this case until Jolly establishes that this Court has jurisdiction to adjudicate his claim.

Because the Court finds that it lacks jurisdiction in this matter, Jolly must show good cause why his action should not be dismissed for lack of subject matter jurisdiction. He may do so by filing an amended complaint that establishes the Court's subject matter jurisdiction or other filing that establishes good cause why this action should not be dismissed within 35 days of this Order.

### B. **Application to Proceed without Prepayment of Filing Fees**

If Jolly wishes to continue this action without prepayment of filing fees, he must also submit a new Application to Proceed without Prepayment of Filing Fee. Litigants filing a complaint in federal court must either 1) pay the required filing fee for their action or 2) file an application to proceed in forma pauperis. 28 U.S.C. § 1914; 28 U.S.C. § 1915. *In forma pauperis* status is only to be granted when the prepayment of filing fees would prevent plaintiff from providing the "necessities of life" for "himself and [his] dependents." Adkin v. E.I. Du pont de Nemours & Co., 335 U.S. 331, 339, 69 S. Ct. 85, 93 L.Ed. 43 (1948).

Jolly has not provided sufficient data to allow the Court to assess accurately the burden that payment of the filing fee would place on him. In his application, Jolly has identified that he receives money from self-employment. He, however, provided neither the amount he has received in the last twelve months nor the amount of money he expects to receive from such employment. Application ¶ 3. Similarly, Plaintiff indicates that he owns a home, but does not state the amount of equity he owns in it. Id. at ¶ 5. Because the Court lacks the information to assess properly Plaintiff's financial position, his Application to Proceed without Prepayment of Filing Fees is denied without prejudice.

Jolly may submit a new Application to Proceed without Prepayment of Filing Fees and shall include in that application a more detailed financial statement. A new application shall include detailed information about the money received from his business over the last twelve months, any income expected from current or anticipated work projects and the amount of equity plaintiff owns in his home.

**V.**     **Conclusion**

For the foregoing reasons. it is ordered that Jolly's Application to Proceed without Prepayment of Filing Fees is DENIED without prejudice. If Jolly wishes to proceed in this action he shall, within thirty-five (35) days of the issuance of this Order, (1) submit a new, detailed application to proceed without prepayment of fees, consistent with the discussion above and (2) demonstrate good cause as to why this action should not be dismissed for the reasons stated above. If Jolly fails to submit a new application or demonstrate good cause, within the allotted time, this claim shall be dismissed without prejudice.  Further, JOLLY's request for an expedited hearing is DENIED and no summons shall be issued at this time, pending compliance with this Order.

**SO ORDERED.**

 November 9, 2011                                                     /s/ Denise J. Casper
DATE                                                                           DENISE J. CASPER
                                                                                      UNITED STATES DISTRICT JUDGE